68 F.3d 480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George Frank LEWIS, Plaintiff,
and
Edward N. JAGELS, Plaintiff-Appellant,
v.
IDAHO STATE BOARD OF CORRECTIONS, Defendant,
and
Dottie Hook, Probation Officer; Officer Larry Armstrong; and
Officer Fuller, Probation Officer, Defendants-Appellees.
 No. 94-35112.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 13, 1995.
Decided June 5, 1995.
 
 Before: BROWNING, WRIGHT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We affirm the lower court's grant of summary judgment for the defendants.[1]
 
 
 3
 1. Constitutionality of the warrantless searches
 
 
 4
 A "special needs" exception to the Fourth Amendment's warrant requirement applies to searches involving probationers. Griffin v. Wisconsin, 483 U.S. 868, 873-75 (1987). The "permissible bounds of a probation search are governed by a reasonable suspicion standard." United States v. Davis, 932 F.2d 752, 758 (9th Cir. 1991). We agree with the lower court that each of the three searches was justified by reasonable suspicion. Prior to the May 9 search, on May 4, the officers had obtained a valid warrant and conducted a search in which they discovered videotapes of both Carver and children engaged in sexual acts. Before the August 12 search, both Carver and Lewis were indicted by a grand jury and arrested for possession of sexually exploitative materials; after Carver's release, but while charges were still pending, Armstrong told Hook he had received an anonymous tip that a 15-year-old was living with Carver in the Carver-Lewis apartment. A probation officer may reasonably rely on "information provided by a police officer, whether or not on the basis of first-hand knowledge, to support a probationer search." Griffin v. Washington, 483 U.S. 868, 879-80 (1987) (footnote omitted). The December 7 search was triggered by another tip from the same informant, who said Carver had placed sexually exploitative materials in the apartment complex's storage area.
 
 
 5
 The challenge to the scope of the searches is without merit. The scope of the May 9 search, which included a van, repair shop and vacant apartment to which Lewis says Carver had no access, arguably exceeded the "special needs" exception but was justified by Lewis's consent. Assuming, arguendo, that the scope of the August 12 and December 7 searches exceeded the "special needs" exception, the scope of the searches was justified by Carver's consent. Carver had actual authority to consent to the scope of the August 12 search, which concerned only living areas to which Carver had joint access, see United States v. Matlock, 415 U.S. 164, 171 n.7 (1974); Davis, 932 F.2d at 760,[2] and apparent authority to consent to the scope of the December 7 search, since he provided officers with a key to the locked storage facility. See United States v. Yarbrough, 852 F.2d 1522, 1534 (9th Cir. 1988) ("A party who has a key to the premises ... can give a valid consent to search." (internal quotation omitted)).
 
 
 6
 2. Officer Hook as a "Stalking Horse"
 
 
 7
 A probation officer "is not a stalking horse if he, rather than the police, initiate[s] the search in the performance of his duties as a parole [or probation] officer." United States v. Richardson, 849 F.2d 439, 441 (9th Cir. 1988) (alterations in original) (citations and internal quotations omitted). Officer Hook initiated each of the warrantless searches with the permission of her supervisor, and her reliance on the information provided by Detective Armstrong was proper. See Griffin v. Wisconsin, 483 U.S. 868, 879-80 (1980). Officer Hook's request for police assistance to conduct the searches was proper. See United States v. Butcher, 926 F.2d 811, 815 (9th Cir. 1991).
 
 3. Qualified Immunity
 
 8
 We agree with the district court that the defendants are entitled to qualified immunity. Government officials are immune from liability for civil damages under Sec. 1983 unless their conduct violates clearly established legal rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Because the warrantless searches did not violate Lewis's clearly established constitutional rights, the defendants are entitled to qualified immunity.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we affirm on the merits, we do not reach the argument that Lewis's Sec. 1983 claims abated upon his death
 
 
 [2]
 We need not determine whether the search of the appliance shop, which had been converted into an apartment for Joey Hein, was beyond the scope of the permissible search. The lower court properly concluded that Lewis lacks standing to challenge the search of an apartment that had been subleased to another person, given that he had neither a proprietary interest in the apartment nor access to it